STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. GEORGE W. KNIGHT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 15, 1977—Decided **February 23, 1977.**

Before Judges HALPERN, ALLCORN and BOTTER.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. John H. Petito,* Assistant Deputy Public Defender, on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Marcel R. Plaut,* Deputy Attorney General, on the brief).

PER CURIAM. Defendant pled guilty to the first and second counts of an indictment charging him with (1) breaking and entering with intent to steal, contrary to *N. J. S. A.* 2A:94–1, and (2) larceny of goods valued between $200 and $500, contrary to *N. J. S. A.* 2A:119–2. Defendant was "committed to the New Jersey Youth Complex to be confined in an appropriate institution" for concurrent terms of four to six years on each count. The third count of the indictment charging receiving stolen property, which was the same property mentioned in the second count, was dismissed. On this appeal defendant's sole contention is that the sentence is excessive.

It appears that the trial judge intended to sentence defendant to two concurrent four to six-year terms at State Prison, to be delivered to the Youth Reception and Correction Center at Yardville for classification and assignment to an appropriate institution. *State v. Spinks,* 66 *N. J.* 568, 575, n. 3 (1975). However, neither the transcript nor the judgment sheet actually contains a sentence to State Prison. The judgment sheet shows a sentence to the "Prison Reception Classification Center at Yardville for incarceration in appropriate institution for not less than four nor more than six years."

Defendant was 30 years old at the time of sentencing and could not be sentenced to an indeterminate term at the Youth Correctional Institution Complex. *N. J. S. A.* 30: 4-147. Therefore, defendant must be sentenced to State Prison if concurrent terms of four to six years are imposed. See *N. J. S. A.* 2A:164-17. However, we recognize on our own motion that defendant cannot be sentenced to a four to six-year term for the crime of larceny of property valued between $200 and $500, since that offense is a misdemeanor which carries a maximum sentence of three years. *N. J. S. A.* 2A:85-7.

In these circumstances, without passing on the merits of defendant's contention on this appeal that the sentences imposed were excessive, we vacate the sentences and remand the matter to the trial court for the imposition of proper sentences.